NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| SCHWARZ PHARMA., INC., et al. | : | |
| Plaintiffs, | : | Civil Action No. 01-4995 (DRD) |
| v. | : | |
| TEVA PHARMACEUTICALS USA, INC. | : | **OPINION AND ORDER** |
| Defendant. | : | |

**SALAS, United States Magistrate Judge**

## I.  INTRODUCTION

Before this Court is a discovery dispute raised by the parties in a July 18, 2007 joint submission.  Defendant Teva Pharmaceuticals USA, Inc. ("Defendant") argues that Plaintiffs Schwarz Pharma, Inc. and Schwarz Pharma AG ("Plaintiffs") improperly redacted a specific paragraph ("the Paragraph") that appears under the heading "Patent Expiry of Univasc" in three[1] separate documents produced in discovery.  Plaintiffs contend that the Paragraph is protected from disclosure by the attorney-client privilege.  For the reasons set forth below, the Court disagrees.

## II.  BACKGROUND

For a detailed overview of the relevant facts, the Court refers to the United States Court of Appeals, Federal Circuit's August 11, 2005 decision and Judge Debevoise's January 31,

---

[1] As explained in Part II, *infra*, Plaintiffs only redacted the Paragraph in one of the three produced documents but now claim that their failure to redact it in the other two documents was inadvertent.

2006 decision. *See Warner-Lambert Co. v. Teva Pharmaceuticals USA, Inc.*, 418 F.3d 1326 (Fed. Cir. 2005); *Warner-Lambert Co. v. Teva Pharmaceuticals USA, Inc.*, Nos 99-0922, 01-4995, 2006 WL 267328 (D.N.J. Jan. 31, 2006).

On May 7, 2007, the undersigned received a detailed letter from counsel for Defendant seeking the Court's assistance in resolving a set of discovery disputes that had arisen between the parties. Thereafter, counsel for the Plaintiffs responded with a May 17, 2007 letter. After the Court received a May 22, 2007 reply from counsel for Defendant, the undersigned entered a May 18, 2007 Letter Order scheduling a telephone conference for May 23, 2007.

During the May 23, 2007 telephone conference, the undersigned advised the parties of the Court's intent to decide the pending discovery issues pursuant to a new protocol ("the New Protocol"). Thereafter, the Court entered a May 31, 2007 Order describing the New Protocol. Amongst other things, said Order outlined the various joint submissions the parties were compelled to prepare during the meet and confer process.

Suffice it to say, the Court's experiment with the New Protocol was a resounding success. By the time the parties submitted their joint submissions on July 18, 2007, only two discovery disputes remained. Soon thereafter, the Court received a July 26, 2007 letter from counsel for the Plaintiffs advising the Court that the parties had resolved another dispute, leaving only one issue on the table.

The sole issue before this Court, then, is Plaintiffs' assertion of the attorney-client privilege with respect to a specific paragraph ("the Paragraph") that appears in three separate documents, including: (1) a 2002 Marketing Plan (SP 020824-020861) ("2002 Plan"), (2) a draft marketing plan (SP 020862-020881) ("Draft"), and (3) a 2001 Marketing Plan (SP 0005524-

0005370) ("2001 Plan").  (Joint Br. 2-3).  The Paragraph appears in all three documents under the heading "Patent Expiry of Univasc."  (*Id*. at 3).  While Plaintiffs redacted the Paragraph from the 2001 Plan, they did not redact it from the 2002 Plan or the Draft.  (*Id*. at 3).  Plaintiffs now argue that the Paragraph is protected from disclosure by the attorney-client privilege and that their failure to redact it from the 2002 Plan and the Draft was inadvertent.[2]  (*Id*. at 10-14).  Defendant takes exception to this position arguing that Plaintiffs have not and cannot meet their burden of demonstrating that the attorney-client privilege applies to the Paragraph.  (*Id*. at 6-10).

### III.  ANALYSIS

#### A.    Legal Standard

The attorney-client privilege represents the "oldest of the privileges for confidential communications known to the common law."  *Upjohn Co. v. U.S.*, 449 U.S. 383, 389, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981).  Justice Rehnquist's seminal decision in *Upjohn* acknowledges that the attorney-client privilege was designed to "foster disclosure and communication between the attorney and client."  *Id*.  We tolerate this exception to the otherwise broad discovery policy embodied in Federal Rule of Civil Procedure 26 on the grounds that "sound legal advice or advocacy serves public ends and that such advice or advocacy depends upon the lawyer's being fully informed by the client."  *Id*.

The  party asserting the attorney-client privilege bears the burden of proving that it applies to the communication(s) at issue.  *Smithkline Beecham Corp. v. Apotex Corp.*, 232 F.R.D.

---

[2] There is no dispute that Plaintiffs did not waive the attorney-client privilege by failing to redact the Paragraph when they produced the 2002 Plan or the Draft.  Pursuant to paragraph 10 of a Stipulated Protective Order entered on September 23, 2003, "[i]f information subject to a claim of attorney-client privilege ... is nevertheless inadvertently produced, such production shall in no way ... constitute a waiver of ... any claim of privilege."  (J.A., Ex. 5).

467, 472 (E.D. Pa. 2005) (*citing In re Grand Jury Investigation*, 599 F.2d 1224, 1235 (3d Cir. 1979)). While this Court is bound by the substantive patent law of the Federal Circuit, *Panduit Corp. v. All States Plastic Mfg. Co.*, 744 F.2d 1564, 1573 (Fed. Cir. 1984), Third Circuit law applies to the dispute raised herein. *Smithkline Beecham*, 232 F.R.D. at 472, *quoting GFI, Inc. v. Franklin Corp.*, 265 F.3d 1268, 1272 (Fed. Cir. 2001) ("regional circuit law 'applies to procedural questions that are not themselves substantive patent law issues so long as they do not ... pertain to patent law'").

Thus, Plaintiffs must provide the Court with sufficient information to support a finding that the following elements of the attorney-client privilege are satisfied with respect to the Paragraph:

> (1) the asserted holder of the privilege is or sought to become a client;
>
> (2) the person to whom the communication was made (a) is a member of the bar of a court, or his subordinate and (b) in connection with this communication is acting as a lawyer;
>
> (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers © for the purpose of securing primarily either (I) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and
>
> (4) the privilege has been (a) claimed and (b) not waived by the client.

*Rhone-Poulenc Rorer v. Home Indemnity*, 32 F.3d 851, 862 (3d Cir. 1994); *see also In re Spalding Sports Worldwide*, 203 F.3d 800, 805 (Fed. Cir. 2000) ("[t]he central inquiry is whether the communication was made by a client to an attorney for the purpose of obtaining legal advice").

Plaintiffs must state their claim expressly by "describ[ing] the nature of the documents, communications, or things not produced." Fed. R. Civ. P. 26(b)(5). The Federal Rules of Civil Procedure do not include a formulaic litany of required information that Plaintiffs must include in their description. *Smithkline Beecham Corp. v. Apotex Corp.*, 193 F.R.D. 530, 534 (N.D. Ill. 2000) ("[Rule 26(b)(5)] does not attempt to define for each case what information must be provided..."). Instead, Rule 26(b)(5) offers general guidance that compels them to provide enough information to "enable other parties to assess the applicability of the privilege or protection." Fed. R. Civ. P. 26(b)(5). If Plaintiffs' description of the Paragraph fails to meet this standard, disclosure is an appropriate sanction. *Smithkline Beechman Corp. v. Apotex Corp.*, 232 F.R.D. 467, 475 (E.D. Pa. 2005).

Plaintiffs' failure to identify specific individuals in their description of the author and the recipients, in and of itself, does not vitiate their assertion of the attorney-client privilege. *Smithkline Beecham*, 232 F.R.D. at 476. However, and as one district court in this Circuit has recognized, said failure will subject Plaintiffs' assertion of privilege to close judicial scrutiny. *Id.* ("we therefore scrutinize closely any privilege claim where Plaintiff is unable to identify the author or has provided only a general group-wide description for the recipients"). This heightened scrutiny is necessary to ensure that Plaintiffs did not waive the privilege by disclosing the Paragraph to individuals who did not need to access it. *See id*. Moreover, this rule is consistent with the Third Circuit's proscription against "broadside invocation[s] of privilege." *United States v. O'Neill*, 619 F.2d 222, 225 (3d Cir. 1980).

**B.     Analysis**

Plaintiffs fail to submit enough evidence to support a finding that the Paragraph is

protected from disclosure by the attorney-client privilege.  While they correctly note that "a document need not be authored by an attorney in order to be properly withheld on attorney-client privilege grounds," they still need to establish some nexus between the author of the Paragraph and an attorney. (Joint Br. 11, quoting *Smithkline Beecham*, 232 F.R.D. at 477-78).  Following the sentence from *Smithkline Beecham* that Plaintiffs quote in the Joint Brief, Judge Surrick explains when a party can properly withhold such a document on attorney-client privilege grounds —

> In the case of a corporate client, privileged communications may be shared by non-attorney employees in order to relay information requested by attorneys. *Id*. (citing *Cuno, Inc. v. Pall Corp.*, 121 F.R.D. 198, 202-03 (E.D.N.Y.1988)).  Moreover, "documents subject to the privilege may be transmitted between non-attorneys ... so that the corporation may be properly informed of legal advice and act appropriately." *Id*. (citing *Eutectic Corp. v. Metco, Inc.*, 61 F.R.D. 35, 38 (E.D.N.Y.1973)).

*Smithkline Beecham*, 232 F.R.D. at 477-78.  Clearly, both circumstances assume some nexus between the privileged communication and a specific attorney.  Indeed, Judge Surrick applies this standard to compel production of documents where "Plaintiff does not identify any specific attorney with whom a confidential communication was made." *Id*.

So too here.  Plaintiffs fail to provide sufficient information from which this Court can infer some nexus between the author of the Paragraph and an attorney.  The identity of the individual who drafted the documents containing the Paragraph is not clear.  However, the evidence suggests, and this Court finds, that Gloria Mattson was likely the author of the documents containing the Paragraph. (J.A., Ex. 1 Mattson Tr. 15:11-17, Ex. 2 Willard Tr. 38:20-25, Ex. 5 Thiel Tr. 266:1-269:21).  Moreover, the evidence before this Court also belies

Plaintiffs' assertion that "documents reflect communications relating to ... facts of the '450 patent, the pending litigation with Teva over its generic form of the branded drug Univasc, and consultations and legal advice specific to the lawsuit with Teva." (Joint Br. 13).

In the excerpt of her deposition submitted with the Joint Appendix, Ms. Mattson testifies that she did not speak to any attorneys about this litigation or even know about this litigation during her tenure at Schwarz Pharma. (J.A., Ex. 1 Mattson Tr. 16:6-11). At best, this Court can only find that, like the plaintiff in *Smithkline Beecham*, Plaintiffs have not submitted sufficient evidence to support a finding that the Paragraph was written to transmit legal advice or to relay information requested by an attorney.

Next, the Court is troubled by Plaintiffs' inability to identify the recipients of the documents in question. As Defendant correctly notes in the Joint Brief, a corporation waives the attorney-client privilege by disclosing otherwise protected communications to employees who do not need to know the information. (Joint Br. 9, citing *Smithkline Beecham*, 232 F.R.D. at 476). Instead of naming names or even identifying a broad category of recipients (i.e., members of a specific committee), Plaintiffs offer the blanket assertion, "[o]bviously Schwarz would not have extended its proprietary marketing strategy beyond those individuals in the control group in the company who had a need to know such [sic] strategy in connection with the proper execution of their corporate duties." (Joint Br. 12).

Notwithstanding Plaintiffs' assertion to the contrary, it is not self-evident that distribution was limited to individuals who needed to know the information contained therein. Moreover, the deposition testimony cited by Plaintiffs is not enough to convince this Court otherwise. While Mattson testified that the documents "did not go very far," Willard testified

that it would have gone to about ten people. (J.A., Ex. 1 Mattson Tr. 16:5-6, Ex. 2 Willard Tr. 39:12-40:22). Suffice it to say, this evidence does not convince this Court that distribution was limited to those who needed to know the information contained in the documents in question. *Smithkline Beecham Corp. v. Apotex Corp.*, 193 F.R.D. 530, 538 (N.D. Ill. 2000) ("General, group-wide descriptions such as 'management' do not allow for the court to assess whether the recipients require, or have the capacity to act upon, the information distributed").

Finally, Plaintiffs' reliance on *In re Ford Motor Co.*, 110 F.3d 954, 956 (3d Cir. 1997), is misplaced. There, the Third Circuit reversed a district court's finding that certain meeting minutes were not protected from discovery by the attorney-client privilege. *Id*. at 966. Ford proffered evidence to support a finding that the minutes were a record of a meeting called by the Policy and Strategy Committee to discuss a course of action proposed in a specific attorney's report regarding the legal implications of management's concerns with the Bronco II. *Id*. at 966. There was no dispute that the attorney in question was Ford's attorney and that the members of the Policy and Strategy Committee had the authority to act on behalf of Ford. *Id*. at 955-56. In sharp contrast to the facts presented here, the document in question was infused with legal advice provided by this attorney – identified by name – to a group of employees that needed said advice to act on behalf of the company (the Policy and Strategy Committee). *Id*. To the extent Plaintiffs argue that the documents containing the Paragraph are analogous to the meeting minutes considered in *Ford Motor Co.*, this Court disagrees.

### IV.  CONCLUSION

For the reasons set forth above, the Court rejects Plaintiffs' assertion of the attorney-client privilege with respect to the paragraph that appears under the heading "Patent

Expiry of Univasc in the 2002 Marketing Plan (SP 020824-020861), the draft marketing plan (SP 0005524-0005370), and the 2001 Marking Plan (SP020824-020861).  Said paragraph shall be produced to Defendant immediately.


**SO ORDERED.**


Dated: September 27, 2007                              s/ Esther Salas
                                                           **ESTHER SALAS**
                                                           **UNITED STATES MAGISTRATE JUDGE**